UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:05-cr-00021-SEB-MJD-1 |
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| FELIPE LOPEZ RAMIREZ | (COMPASSIONATE RELEASE) |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:05-cr-00021-SEB-MJD |
| | ) | |
| FELIPE LOPEZ RAMIREZ, | ) -1 | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Defendant Felipe Lopez Ramirez has filed a motion seeking compassionate release under § 603 of the First Step Act of 2018, which is codified at 18 U.S.C. § 3582(c)(1)(A). Dkt. 18. For the reasons explained below, his motion is **DENIED**.

### I.   Background

In June 2005, Mr. Ramirez plead guilty to one count of possession with intent to distribute methamphetamine. Dkt. 1 at 3. The Court initially sentenced Mr. Ramirez to 360 months of imprisonment to be followed by 5 years of supervised release. Dkt. 1 at 3. In 2016, the Court reduced Mr. Ramirez's sentence to 292 months based on retroactive changes to the guideline sentencing range. Dkt. 5. The Bureau of Prisons ("BOP") lists Mr. Ramirez's anticipated release date (with good-conduct time included) as March 5, 2025. https://www.bop.gov/inmateloc/ (last visited October 17, 2023).

Mr. Ramirez has filed a motion for compassionate release pro se.[1] Dkt. 18. Mr. Ramirez argues that he establishes extraordinary and compelling reasons for compassionate release because

---

[1] In his motion, Mr. Ramirez requested the appointment of counsel to represent him by marking a check box. Dkt. 18 at 7. Mr. Ramirez does not provide any other information about his need for counsel. No statutory authority requires the Court to appoint defense counsel for a defendant pursuing a compassionate

2

(1) he is over 65 years old and is experiencing a serious deterioration of his health; (2) he is at risk of serious illness from COVID-19 due to his health conditions, (3) the BOP has mishandled the COVID-19 pandemic subjecting him to greater risk of infection, and (4) intervening changes in the law have created a disparity between the sentence he received and the sentence he would receive today. Dkt. 18 at 5–6. The Court has concluded that it can resolve the motion without a response from the United States.

## II. Discussion

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Yet, under one exception to this rule, a court may reduce a sentence "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable," if it finds that there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). The Seventh Circuit has held that a court has broad discretion in determining what constitutes "extraordinary and compelling reasons" under the statute. *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020). The court must "consider[] the applicant's individualized arguments and evidence," *United States v. Rucker*, 27 F.4th 560, 563

---

release motion. *See United States v. Blake*, 986 F.3d 756 (7th Cir. 2021). Thus, any request for the appointment of an attorney from the federal public defender's office is denied.

The Court also finds that Mr. Ramirez is not entitled to the appointment of pro bono counsel. When addressing a request for pro bono counsel, "the district court is to make the following inquiries: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021) (cleaned up). The first question, whether litigants have made a reasonable attempt to secure private counsel on their own, "is a mandatory, threshold inquiry that must be determined before moving to the second inquiry." *Eagan*, 987 F.3d at 682; *see also Thomas v. Anderson*, 912 F.3d 971, 978 (7th Cir. 2019) (because plaintiff did not show that he tried to obtain counsel on his own or that he was precluded from doing so, the judge's denial of these requests was not an abuse of discretion). Mr. Ramirez has not stated whether he has attempted to contact any attorneys with requests for representation. Accordingly, the Court finds that he has not made a reasonable effort to recruit counsel on his own before seeking the Court's assistance. *See Thomas*, 912 F.3d at 978. His request for assistance with recruiting counsel must therefore be denied.

(7th Cir. 2022), but ultimately, "[t]he movant bears the burden of establishing 'extraordinary and compelling reasons' that warrant a sentence reduction." *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021).

Mr. Ramirez first argues that his age and health conditions establish extraordinary and compelling circumstances for release. Mr. Ramirez is 67 years old, and his medical records indicate that he is suffering from hyperlipidemia, hypertension, and type 2 diabetes. Dkt. 18-1 at 79. It does not appear from the record, however, that he has experienced a serious deterioration of his health, that he is incapacitated or that any of the conditions are debilitating. Further, Mr. Ramirez's medical records reflect that he is receiving treatment for his conditions, dkt. 18-1 at 77–79, and none of his conditions is life-threatening. Accordingly, the Court declines to exercise its discretion to find that Mr. Ramirez has carried his burden to show that his health issues are an extraordinary and compelling reason to grant release, whether considered alone or together with any other reason.

Mr. Ramirez's next reason, albeit related to his first, for requesting a sentence reduction—the risk to his physical health presented by COVID-19, particularly in light of his medical conditions—is not an extraordinary and compelling reason to release him, either alone or in combination with any other reason. "[F]or the many prisoners who seek release based on the special risks created by COVID-19 for people living in close quarters, vaccines offer far more relief than a judicial order. . . . [F]or the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release." *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021). Mr. Ramirez has not indicated whether or not he has received COVID-19 vaccination. Regardless of whether or not he is vaccinated, he has presented no evidence that he is unable to receive or benefit

from the vaccine. Additionally, Mr. Ramirez "has not presented any evidence establishing that he is more at risk for an adverse outcome in prison than he would be if released." *United States v. Barbee*, 25 F.4th 531, 533 (7th Cir. 2022). Specifically, he has not presented "data showing that vaccinated prisoners are at materially greater risk of breakthrough infections than other vaccinated persons." *United States v. Avila*, No. 21-2383, dkt. 19 (7th Cir. Feb. 15, 2022); *United States v. Hoskins*, No. 21-2912, 2022 WL 2187558, at *1 (7th Cir. June 16, 2022) (emphasizing that a defendant needs individualized evidence of why, despite his vaccination, his medical risks are extraordinary compared to the general population). If a prisoner "would remain at comparable risk outside prison, the possibility of infection cannot be described as an 'extraordinary and compelling' consideration supporting release." *United States v. Vaughn*, 62 F.4th 1071, 1072 (7th Cir. 2023); *see also United States v. Santana-Cabrera*, No. 22-2056, 2023 WL 2674363, at *2 (7th Cir. Mar. 29, 2023). For these reasons, the Court declines to exercise its discretion to find that Mr. Ramirez has carried his burden to show that the risk he faces from the COVID-19 pandemic is an extraordinary and compelling reason for relief under § 3582(c)(1)(A), whether considered alone or in combination with any other factor. *Barbee*, 25 F.4th at 533; *Vaughn*, 62 F.4th at 1072.

Mr. Ramirez next argues that the BOP's handling of the COVID-19 pandemic warrants his release. Dkt. 18 at 5. Allegations that the BOP has mishandled the pandemic might form the basis for relief in a civil suit, but such allegations are not grounds for a sentence reduction under § 3582(c)(1)(A). *See United States v. Miller*, No. 21-1600, 2022 WL 2187555, at *1 (7th Cir. June 16, 2022) ("[T]o the extent that Miller challenges the conditions and medical care at [the prison] more generally, a compassionate-release motion is not the right vehicle.") (cleaned up); *United States v. Montez*, No. 22-1988, 2023 WL 3431239, at *2 (7th Cir. May 12, 2023) (medical issue can be addressed through vehicles other than compassionate release) (cleaned up).

5

Every inmate at Mr. Ramirez's facility, and indeed, many inmates across the country, have dealt with similar issues as well as lockdowns and quarantines due to the pandemic over the past few years. Mr. Ramirez has simply not shown that his situation is extraordinary as compared to other inmates. *United States v. Khelifi*, No. 21-3144, 2022 WL 3925623, at *1 (7th Cir. Aug. 31, 2022) (finding no extraordinary and compelling circumstances where prisoner did not provide individualized evidence for his argument that his prison mishandled the risks of the pandemic). Thus, the Court declines to exercise its discretion to find that Mr. Ramierz carried his burden to show that this is an extraordinary and compelling reason for release, whether considered alone or in conjunction with any other reason.

Mr. Ramirez next contends that changes in the law that create a disparity between the sentence he received and the sentence he might receive if he was sentenced today, establish an extraordinary and compelling reason to release him. Seventh Circuit precedent holds to the contrary. *See United States v. Thacker*, 4 F.4th 569, 574 (7th Cir. 2021) (holding that non-retroactive change to statutory mandatory minimum sentence was not extraordinary and compelling reason for relief under § 3582(c)(1)(A)(i)). As summarized by the Seventh Circuit, "[w]hen deciding whether 'extraordinary and compelling reasons', 18 U.S.C. § 3582(c)(1)(A)(i), justify a prisoner's compassionate release, judges must not rely on non-retroactive statutory changes or new judicial decisions. . . . There's nothing 'extraordinary' about new statutes or caselaw, or a contention that the sentencing judge erred in applying the Guidelines; these are the ordinary business of the legal system, and their consequences should be addressed by direct appeal or collateral review under 28 U.S.C. § 2255." *United States v. King*, 40 F.4th 594, 595 (7th Cir. 2022) (cleaned up); *see also United States v. Von Vader*, 58 F.4th 369, 371 (7th Cir. 2023) (quoting *United States v. Brock*, 39 F.4th 462, 466 (7th Cir. 2022) ("Judicial decisions, whether

6

characterized as announcing new law or otherwise, cannot alone amount to an extraordinary and compelling circumstance allowing for a sentence reduction.")).

Mr. Ramirez's reliance on *Concepcion v. United States*, 142 S. Ct. 2389 (2022) does not change these conclusions. Dkt. 85. *Concepcion* addressed a different portion of the First Step Act—§ 404, which allows a district court to resentence a defendant in certain situations. It has no bearing on Mr. Ramirez's motion, which falls under § 603 of the Act. As recently explained by the Seventh Circuit in a binding opinion:

> That the First Step Act did multiple things—lowering sentences for some cocaine cases, enabling prisoners to seek compassionate release on their own motions, and more—does not mean that every decision about any aspect of the First Step Act applies to every potential question under that statute. The First Step Act did not create or modify the "extraordinary and compelling reasons" threshold for eligibility; it just added prisoners to the list of persons who may file motions. We take the Supreme Court at its word that *Concepcion* is about matters that district judges may consider when they resentence defendants. So understood, *Concepcion* is irrelevant to the threshold question whether any given prisoner has established an "extraordinary and compelling reason for release."

*King*, 40 F.4th at 595.

In sum, the Court does not find that any of the arguments made by Mr. Ramirez establish extraordinary and compelling reasons to release him, whether considered alone or in conjunction with any other reason. Given this determination, the Court need not address Mr. Ramirez's arguments that the sentencing factors listed in 18 U.S.C. § 3553(a) weigh in favor of his release.

### III. Conclusion

For the reasons stated above, Mr. Ramirez's motion for compassionate release, dkt. [18], is **denied**.

IT IS SO ORDERED.

Date: 10/24/2023

*Sarah Evans Barker*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel

Felipe Lopez-Ramirez
Register Number: 07782-028
FCI Oxford
Federal Correctional Institution
P.O. Box 1000
Oxford, WI 53952